BYRNE, Appellant, v. STEAMBOAT ST. MARY, Respondent.*

1. Where a complaint filed against a steamboat to enforce a lien for wages states "that thirty days have not elapsed since the demand for services accrued to him," and is accompanied by an affidavit to the effect that the demand sought to be enforced "is the only demand that he [complainant] has against said steamboat;" such complaint is sufficient.

### Appeal from Buchanan Court of Common Pleas.

This was an action to enforce against the steamboat St. Mary a lien for the payment of wages alleged to be due the plaintiff. The complaint against the boat is as follows: "James Byrne, the plaintiff in the above entitled cause, complains and says that he has a demand against the said steamboat amounting to twenty dollars, for fourteen days' services of him, the said James Byrne, on board the said steamboat, on account of S. G. Cable, the master thereof, in navigating the waters of this state. Steamboat St. Mary, *to* James Byrne, Dr. To fourteen days' services as deck hand on said steamboat, from the 6th day of April, 1857, to April 22d, 1857, at the rate of $40 per month. And the said plaintiff says that thirty days have not elapsed since the demand for the services accrued to him as above stated." The complaint was verified, as follows: "James Byrne being duly sworn [says] that the matters contained in the foregoing complaint are true, and that this is the only demand that he has against said steamboat. [Signed] James Byrne. Sworn to and subscribed this 22d day of April, 1857. Alfred Christy, J. P."

On appeal, the circuit court dismissed the complaint.

*Locke, Edwards* and *Ewing,* for appellant.

*Gardenhire,* for respondent.

---

* This case was decided at the January term, 1858, of the supreme court.

Byrne v. Steamboat St. Mary.

NAPTON, Judge, delivered the opinion of the court.

We have not been able to perceive any objections to the form or substance of the complaint in this case. We have been referred to the 41st section of the act; (1 R. C. 1855, p. 313;) but every requirement of that section, as well as of section 29, seems to have been complied with.

Judgment reversed and cause remanded; the other judges concurring.